UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD CARLSON,

        Plaintiff,

v.                            Case No. 8:15-cv-2701-T-33MAP

N. FRANZE HOSPITALITY, LLC,
BEC FL, LLC, and CRAIG FRANZE,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants N. Franze Hospitality, LLC, BEC FL, LLC, and Craig Franze's Motion to Dismiss (Doc. # 9), filed on December 4, 2015. The Court denies the Motion as articulated below.

**Discussion**

On November 18, 2015, Plaintiff Ed Carlson filed a one count complaint against the three Defendants for racial discrimination pursuant to 42 U.S.C. § 1981. The following factual allegations are illustrative of his contentions:

> Plaintiff is white (Caucasian). Plaintiff was an employee of Defendants. Plaintiff had an employment contract with Defendants; he was an at-will employee. Plaintiff was employed at Defendant's establishment as a DJ. Plaintiff was qualified for the position he held with Defendants. Plaintiff was discharged and/or terminated by Defendants because of his race. Plaintiff was replaced with a black DJ. Just prior to Plaintiff's termination, two other white DJs who worked at the

establishment where Plaintiff worked were terminated and replaced with black DJs. At the time of Plaintiff's termination, Defendants employed no white DJs at the establishment where Plaintiff worked. At or about the time of his termination, Plaintiff was told by Defendants that they wanted all black DJs.

(Doc. # 1 at ¶¶ 7-16).

Defendants filed an Answer accompanied by seven affirmative defenses on December 4, 2015. (Doc. # 8). On the same day, Defendants filed a Motion to Dismiss "pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, . . . as the Complaint fails to state facts sufficient to constitute any claim for relief against the Defendants." (Id. at 1).

Federal Rule of Civil Procedure Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A party may attack the sufficiency of a pleading under Rule 12(b)(6); that is, a complaint may be attacked—and dismissed—for "failure to state a claim upon which relief can be granted." In reviewing a 12(b)(6) motion to dismiss, a court applies the plausibility standard as articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). In short, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 679. The Court

2

further expounded that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. Id.

Once an answer to a complaint is filed, any Rule 12(b) motion to dismiss is rendered a nullity. Leonard v. Enter. Rent a Car, 279 F.3d 967, 971 n.6 (11th Cir. 2002)("After answering the complaint, the defendant filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motion were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief."); see also Fed. R. Civ. P. 12(b) ("A motion asserting any [Rule 12(b) motion] defenses must be made before pleading if a responsive pleading is allowed."); Williams v. Educ. Credit Mgmt. Corp., 88 F. Supp. 3d 1338, 1342-43 (M.D. Fla. Feb. 26, 2015)(denying defendant's Rule 12(b) motion to dismiss as a nullity because defendant filed an answer before filing the motion to dismiss.); Poole v. Life Ins. Co. of N. Am., 984 F. Supp. 2d 1179, 1184-85 (M.D. Ala. Oct. 25, 2013) (denying motion to dismiss as to Counts II and III because defendant had filed an answer prior to Rule 12(b)(6) motion).

3

Here, the Court finds Defendants' Motion untimely. Defendants filed an Answer and then filed their Rule 12(b)(6) Motion. Therefore, the Court denies Defendants' Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss (Doc. # 9) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of December, 2015.

*(signature)*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4